MURDOCK, Justice
(concurring in part and dissenting in part).
As to the issue of compliance with Rule 9(h), Ala. R. Civ. P., the second of four elements that must be established is that the plaintiff “was ignorant of the defendant’s identity at the time the original complaint was filed.” Patterson v. Consolidated Aluminum Corp., 101 So.3d 743, 747 (Ala. 2012). I believe this means that the plaintiff must be ignorant of the defendant’s identity as a defendant. A plaintiff literally could know the names of hundreds or thousands of persons, corporations, and other entities. But if a plaintiff is unaware that one of those persons or entities is in fact the party that allegedly wronged the plaintiff as described in the complaint, Rule 9(h) allows the plaintiff to describe the wrongdoer with a fictitious name and then to substitute the actual name of the *607 party described as such once the plaintiff becomes aware of that party’s identity as the wrongdoer. I therefore disagree with the discussion in the main opinion as it relates to this element.
Whether Patricia Kilgore Kyser, as administrator ad litem of the estate of William Henry Kilgore, failed to exercise due diligence to identify Montgomery Drug Co., Inc. (“MDCI”), as the defendant she intended to sue is another question. Although upon a closer examination I might be inclined to conclude that Kyser was sufficiently diligent, I do not reach that issue because in my opinion the trial court correctly applied Rule 15(c)(3), Ala. R. Civ. P.
As to this latter ground, I respectfully dissent as to the disposition of the petition as it relates to MDCI in the Court’s opinion today. I agree with the trial court that Rule 15(3)(c) is applicable. Because I believe that the prerequisites for employing Rule 15(c)(3) were met, I respectfully dissent as to that portion of the main opinion ordering the trial court to grant MDCI’s summary-judgment motion.
Because of my position with regard to the inclusion of MDCI as a defendant in this litigation, I do not reach the issues of equitable tolling and equitable estoppel, which are discussed in the main opinion.